**In the Matter of the Application of the Commissioner of Internal Revenue for an order adjudicating Arnold GREEN-SPAN, Respondent, in contempt of court for failing to comply with an Internal Revenue Summons.**

United States District Court
S. D. New York.
Aug. 23, 1960.

S. Hazard Gillespie, Jr., U. S. Atty. for Southern District of New York, New York City, David Klingsberg, Asst. U. S. Atty., New York City, of counsel, for petitioner.

Hawkins, Delafield & Wood, New York City, Clarence Fried, New York City, of counsel, for respondent.

CASHIN, District Judge.

This is a motion for an order adjudicating respondent, Arnold Greenspan, in contempt of court for failing to comply with an Internal Revenue summons served upon him. At the hearing of this motion the issue of the validity of such summons was also raised.

Respondent is President of J. Olson Trading Corp., which purchased certain items from Champion Spark Plug Company. In connection with an investigation of Champion Spark Plug Company's excise tax liability it is relevant to know whether or not J. Olson Trading Corp. purchased these items for export. A summons was served on Arnold Greenspan, President of J. Olson Trading Corp., directing him to appear and produce certain corporate books and records pertaining to these purchases. Respondent appeared but, on the advice of his attorney, refused to produce the books and records demanded or to identify them on the ground that such production or identification would tend to incriminate him.

■ The summons requests the production of five export purchase orders and "any and all papers, memoranda, shipping documents, invoices and other records" pertaining to these export purchase orders. Respondent appears willing to produce the five export purchase orders; however, he refuses to produce the other papers requested. Section 7602 of the Internal Revenue Code of 1954, Title 26 U.S.C., authorizes the examination of "any books, papers, records, or other data which may be relevant or material to such inquiry." Since the papers and records requested were described in the summons as those papers "pertaining to" the said export purchase orders, they must be relevant to the inquiry being conducted. Thus, since the summons was properly issued, the records sought are material and relevant, and there is no contention that compliance with the order would be unreasonably onerous, the summons must be fully complied with and all papers requested must be produced.

■ Respondent claims that he does not have to comply with the summons because to do so would tend to incriminate him. It is well-settled law that this privilege cannot be raised by an individual with respect to the books and records of a corporation. Hale v. Henkel, 1906, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; Wilson v. United States, 1911, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Essgee Co. of China v. United States, 1923, 262 U.S. 151, 158, 43 S.Ct. 514, 67 L.Ed. 917. Respondent contends that the test should be whether or not the corporation embodies and represents the purely personal and private interests of the individual and, if it does, then the privilege can be raised. Since the respondent owns all of the capital stock of J. Olson Trading Corp., he contends that he can avail himself of the privilege. Respondent cites United States v. White, 1944, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542, as support for this contention.

■ I do not agree with respondent nor do I think the case law supports his position. In United States v. White, supra, 322 U.S. at page 700, 64 S.Ct. at page 1252, the Supreme Court once again stated that this constitutional privilege was restricted to "natural individuals acting in their own private capacity * *." The reasons for this are clear. While an individual owes no duty to the state to divulge his business so far as it may tend to incriminate him, the corporation stands on a different basis. It is a creature of the state. It has special privileges and franchises; its powers are limited by the state; its rights to act as a corporation are only good so long as it obeys the laws of its creation. "Possessing the privileges of a legal entity, and having records, books, and papers, it is under a duty to produce them when they

may properly be required in the administration of justice." Wilson v. United States, 1911, 221 U.S. 361, 374, 31 S.Ct. 538, 542.

In United States v. White, supra, the Supreme Court did enunciate the test which respondent sets forth. However, in that case the Supreme Court was dealing solely with the right of an officer of an unincorporated union to claim the privilege against self-incrimination as a justification for his failure to produce the books and records of the union. Emphasizing the fact that this was the sole issue, the Court said, 322 U.S. on page 697, 64 S.Ct. on page 1250:

> " * * * Nor do we question the obvious fact that business corporations, by virtue of their creation by the state and because of the nature and purpose of their activities, differ in many significant respects from unions, religious bodies, trade associations, social clubs, and other types of organizations, and accordingly owe different obligations to the federal and state governments."

The court went on to hold the privilege unavailable to the union officer. Similarly, respondent must produce the books and papers requested in the summons and cannot claim the privilege against self-incrimination.

 The question has also been raised as to whether or not respondent could be made to testify. In United States v. Austin-Bagley Corp., 2 Cir. 1929, 31 F.2d 229, 234, certiorari denied 1929, 279 U.S. 863, 49 S.Ct. 479, 73 L.Ed. 1002, the Court of Appeals held that—

> " * * * testimony auxiliary to the production is as unprivileged as are the documents themselves."

Respondent, as President of J. Olson Trading Corp., may be required to identify and authenticate, as well as produce, the corporate books and records.

Respondent, Arnold Greenspan, is hereby ordered to produce such books, papers and records as called for in the Internal Revenue summons issued on October 15, 1959, within ten days of the filing of this Opinion. The motion for an order adjudicating respondent in contempt is, however, denied at this time without prejudice to renew if respondent fails to comply with this order of the court.

It is so ordered.